# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

UNITED STATES OF AMERICA,                CASE NO.: 6:22-cr-199-CEM-DCI

      Plaintiff,

vs.

MANUEL DOMINGUEZ,

      Defendant.

## DEFENDANT, MANUEL DOMINGUEZ'S MOTION TO DISMISS AND MEMORANDUM OF LAW

The Defendant, MANUEL DOMINGUEZ, by and through his undersigned attorney, hereby files this motion and memorandum to dismiss the indictment, pursuant to Federal Rule of Criminal Procedure 12(b). The basis for this motion is that the period stated in the Speedy Trial Act in which a trial must be commenced has expired. The applicable provisions state that trial must be commenced within 70 days of either the filing of charges or the defendant's initial appearance, 18 U.S.C. § 3161(c)(1), except that certain periods, including any period of delay resulting from a continuance requested by the defendant, shall be excluded from the 70 day period, 18 U.S.C. § 3161(h). The 70 day period expired on March 12, 2023.

## PROCEDURAL HISTORY

The United States filed the indictment in the Tampa Division of the Middle District on June 28, 2022 (Tampa Div. Case # 8:22-cr-235-KKM-AAS Doc. 1), but was permitted to file under seal (Tampa Div. Case # 8:22-cr-235-KKM-AAS Doc. 4). The speedy trial period commenced on July 6, 2022, when Mr. Dominguez was arrested and made his initial appearance (Tampa Div. Case # 8:22-cr-235-KKM-AAS Doc.7). If the speedy trial period had run without interruption, the 70 day period would have expired on September 14, 2022.

Thirty-six days later, on August 11, 2022, this court granted an unopposed motion to continue (Tampa Div. Case # 8:22-cr-235-KKM-AAS Doc 18) in an order which stated "The time from today through December 4, 2022, is "excludable time."" (Tampa Div. Case # 8:22-cr-235-KKM-AAS Doc. 19). Defense counsel filed a second unopposed motion to continue (Tampa Div. Case # 8:22-cr-235-KKM-AAS Doc. 20), which was granted on October 12, 2022 (Tampa Div. Case # 8:22-cr-235-KKM-AAS Doc. 21). That order stated "The time from today through February 5, 2023, is "excludable time.""

On November 18, 2022, during the period of excludable time, defense counsel filed an unopposed motion to change venue and transfer the case to the Orlando Division (Tampa Div. Case # 8:22-cr-235-KKM-AAS Doc. 22), on the

ground that the government had filed the indictment in the wrong division under Federal Rule of Criminal Procedure 18 and Local Rule 1.04(c).  The court granted the motion on November 30, 2022 (Tampa Div. Case # 8:22-cr-235-KKM-AAS Doc. 25).  Neither the order transferring the case nor the order accomplishing the transfer and assigning the current case number, which was entered on December 1, 2022 (Tampa Div. Case # 8:22-cr-235-KKM-AAS Doc. 26,) provides that any period of time is excludable under the Speedy Trial Act. Neither of these orders had an effect on the running of the speedy trial period, since the orders were entered and the transfer effected before February 5, 2023.

The speedy trial period thus recommenced on February 6, 2023, with 34 days remaining.  That 34 days expired on Sunday, March 12, 2023.

Following the transfer to the Orlando division, no activity occurred in this case until March 9, 2023, after the speedy trial period had recommenced, when the court entered its order scheduling a status hearing on March 16, 2023 (Orlando Div. Case # 6:22-cr-00199-CEM-DCI Doc. 27).  This order does not mention the speedy trial period.  It did not cause any delay in the case, and so no time following the March 9 order is excludable under 18 U.S.C. § 3161(h).

## MEMORANDUM OF LAW

The Speedy Trial Act "admits no ambiguity in its requirement that when such a violation has been demonstrated, "the information or indictment shall be dismissed on motion of the defendant." § 3162(a)(2)." United States v. Taylor, 487 U.S. 326, 332 (1988) [emphasis added]. In United States v. Hamelin, 243 Fed.Appx. 529 (11th Cir. 2007), the defendant, charged with possession of a firearm and ammunition by a convicted felon, filed a motion to dismiss one day after the 70th non-excludable day under the Speedy Trial Act. The government argued that the delay resulted because the court's staff slightly miscalculated the date, and the trial court denied the motion to dismiss. The Eleventh Circuit vacated the conviction.

The indictment against Mr. Dominguez must be dismissed.

### Facts and circumstances

The government's conduct of this case has been dilatory throughout. The alleged offense was complete on July 5, 2017 (Tampa Div. Case # 8:22-cr-235-KKM-AAS Doc. 1 ¶ 7) but the government did not file an indictment until June 28, 2022, a week before the expiration of the statute of limitations. Despite spending four years, eleven months and three weeks investigating the case (or at least having that amount of time to do so), the government failed to provide the

4

defense with complete discovery, thus making Mr. Dominguez's first motion to continue necessary (see 8:22-cr-235-KKM-AAS Doc. 18 ¶¶ 4 & 5).  On August 8, 2022, the government represented to defense counsel that it would be providing additional discovery later that week (8:22-cr-235-KKM-AAS Doc. 18 ¶ 5).  That discovery had not been provided by September 6, 2022 (Doc. 20 ¶ 4).  Again, the government represented that the discovery would be provided later that week (8:22-cr-235-KKM-AAS Doc. 20 ¶ 4).  It was not.  On October 6, 2022, the government informed defense counsel that it had provided the second discovery production on a thumb drive, which had been mailed to defense counsel (8:22-cr-235-KKM-AAS Doc. 20 ¶ 5).  That discovery had not been received as of October 11, 2022, when defense counsel filed the second motion to continue (8:22-cr-235-KKM-AASDoc. 20 ¶ 5).  The second discovery production was received shortly thereafter, and the government provided a third production in early November, but overall, its approach to the case has been casual, even perfunctory, rather than diligent.  The government's conduct of the case since indictment mirrors its dilatory pre-indictment conduct of the investigation.

An important factor in the court's analysis is the condition of Mr. Dominguez's wife.  She is suffering from stage four breast cancer and has undergone double mastectomy. In addition, the cancer has metastasized to her

bones and head in the ocular region. The government has twice been put on notice of the seriousness of her condition, in Mr. Dominguez's motions to continue (Tampa Div Case # 8:22-cr-235-KKM-AAS Docs. 18 & 20).  She is a critical defense witness.  Her condition continues to worsen; neither Mr. Dominguez nor defense counsel can predict from day to day whether she will be available as a witness.

WHEREFORE defendant, Manuel Dominguez, respectfully requests that this court dismiss the indictment with prejudice for violation of the Speedy Trial Act.

Respectfully submitted on March 17, 2023.


LAW OFFICES OF HORWITZ & CITRO, P.A.

By:     s/ Mark L. Horwitz
        MARK L. HORWITZ
        Florida Bar Number: 147442
        VINCENT A. CITRO
        Florida Bar Number: 0468657
        17 East Pine Street
        Orlando, Florida 32801
        Telephone: (407) 843-7733
        mark@horwitzcitrolaw.com
        vince@horwitzcitrolaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 17, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Jennifer Michele Harrington, Jennifer.harrington2@usdoj.gov, United States Attorney's Office, 400 West Washington Street, Suite 3100, Orlando, FL 32801, Candace Garcia Rich, Assistant United States Attorney, at candace.rich@usdoj.gov and Suzanne C. Nebesky, Assistant United States Attorney, at suzanne.nebesky@usdoj.gov, United States Attorney's Office, 400 N. Tampa Street, Suite 3200, Tampa, FL 33502.

LAW OFFICES OF HORWITZ & CITRO, P.A.

By:    *s/ Mark L. Horwitz*
       **MARK L. HORWITZ**
       Florida Bar Number: 147442